1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARLTON L. REID,                            No. 2:20-cv-01596 KJM GGH

12                   Petitioner,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14    STU SHERMAN,

15                   Respondent.

16

17

18    *Introduction and Summary*

19          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

20    pursuant to 28 U.S.C. § 2254.  The matter was referred to the United States Magistrate Judge

21    pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).  Pending before the court is

22    respondent's motion to dismiss on the ground that petitioner is barred by the one-year state of

23    limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 15. Petitioner has filed an opposition. ECF

24    No. 23. Respondent has filed a reply. ECF No. 26. After carefully reviewing the filings and

25    applicable legal standards, the court now issues the following findings and recommendations.

26          This is the infrequent case where a petitioner, diligent in investigating claims, has still run

27    afoul of the applicable statute of limitations period.  For the reasons set forth below all presently

28    stated claims should be dismissed with prejudice. In addition, petitioner should be granted leave

                                                    1

to amend the petition to state a standalone "actual innocence" claim based on DNA assertions and cell phone records only.

*Factual Background*

The California Court of Appeal, Third Appellate District provides the relevant background information and is provided below:

> A jury convicted defendant Carlton Reid of first degree murder (Pen. Code, § 1871 (Footnote 1 omitted)) and found true the allegations that he used a firearm during the crime (former § 12022.53, subd. (b)), personally and intentionally discharged the firearm (former § 12022.53, subd. (c)), and the firearm discharge caused death (former § 12022.53, subd. (d), 2010 Stats., ch. 711, § 5). The trial court sentenced defendant to serve 25 years to life in prison for the murder in addition to a 25–year enhancement for use of a firearm.

People v. Reid, No. C072786, 2015 WL 5697333, at *1 (Cal. Ct. App. Sept. 29, 2015).

Thereafter, petitioner sought review in the California Supreme Court. Petitioner's petition for review was denied on December 16, 2015. ECF No. 16-4. For purposes of federal habeas review, petitioner's conviction became final on March 15, 2016, ninety days after the California Supreme court denied petitioner's petition for review. See Summers v. Schriro, 481 F.3d 710, 716 (9th Cir. 2007). Respondent has set forth a detailed account of petitioner's further state habeas corpus petitions, including incorporation of the "mailbox rule," which has been reviewed, and is provided here:

**The First Petition:**

February 5, 2017: Petition for writ of habeas corpus filed in the Sacramento County Superior Court (Lod. Doc. 5);

June 9, 2017: Petition denied (Lod. Doc. 6);

**The Second Petition:**

March 7, 2017: Petition for writ of habeas corpus filed in the Sacramento County Superior Court (Lod. Doc. 7);[1]

May 22, 2017: Petition denied (Lod. Doc. 8);

////

---

[1] This petition was essentially subsumed within the first when the court ruled on both petitions. These first two habeas petitions are treated as one petition for tolling purposes.

**The Third Petition:**

July 26, 2017: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 9);

October 5, 2017: Petition denied (Lod. Doc. 10);

**The Fourth Petition:**

November 18, 2017: Petition for writ of habeas corpus filed in the Sacramento County Superior Court (Lod. Doc. 11);

January 24, 2018: Petition denied (Lod. Doc. 12);

**The Fifth Petition:**

July 1, 2018: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 13);

July 13, 2018: Petition denied (Lod. Doc. 14);

**The Sixth Petition:**

September 6, 2018: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 15);

November 21, 2018: Petition withdrawn (Lod. Doc. 16);

**The Seventh Petition:**

March 12, 2020: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 17);

June 17, 2020: Petition denied, citing In re Robbins, 18 Cal. 4th 770, 780 (1998) (Lod. Doc. 18).

ECF No. 15 at 2-3.

Petitioner filed his federal habeas petition on August 5, 2020.[2] ECF No. 1.

*Discussion*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year

___

[2] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1) provides, in

pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application    created by State action in violation of the Constitution or laws   of the United States is removed, if the applicant was  prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> >
> > (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner sets forth no facts or arguments indicating that the grounds identified in 28

U.S.C. § 2244(d)(1)(B)-(D) are applicable. The statute of limitations thus began to run on "the

date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The pendency of state post-conviction collateral review may toll the statute of limitations.

See 28 U.S.C. § 2244(d)(2).  It is not necessary to set forth here the complete panoply of law

regarding statutory tolling. The case law pertinent to the issues here is given below.  In addition,

extraordinary circumstances which prevent a petitioner from timely filing may cause the AEDPA

limitations period to be tolled as well.  Holland v. Florida, 560 U.S. 631 (2010).  Again, however,

it is not necessary to detail all the ins and outs of equitable tolling in that equitable tolling cannot

make a difference to the limitations period outcome here.  With discrete exceptions listed below,

and as specifically requested by petitioner, the undersigned has assumed the existence of periods

in which equitable tolling could be justified.

////

Applying certain principles of statutory tolling, respondent contends that the AEDPA limitations period expired prior to the filing of the federal petition. Petitioner opposed respondent's calculations on the basis that all his state filings should toll the limitations periods whether or not they were actually state habeas petitions, e.g., motions to obtain records, writs of mandate, requests for discovery. Petitioner also claimed equitable tolling based on his claimed inabilities to file habeas petitions at discrete times before and during the running of the AEDPA limitations period. Finally, petitioner weaves actual innocence theories based on DNA findings and cell phone records through several claims all of which simply involve a potpourri of trial court and counsel errors. The discussion concerning actual innocence appears below.

The parties agree that the finality of the conviction occurred on March 15, 2016, and that the AEDPA limitations period commenced to run on the next day, March 16, 2016. Because petitioner's claims of statutory tolling and equitable tolling overlap somewhat, the precise days of tolling and expiration of the limitations period are confusing. The undersigned has constructed a chart below precisely defining when days in the limitations period were tolled and when they were not. The chart has been constructed with the following principles:

1. For the purpose of argument, with the following stated exceptions, *all* of petitioner's claimed periods of equitable tolling have been applied, albeit, some of the equitable tolling overlaps with periods which were statutorily tolled in any event, and one claimed period for equitable tolling occurred prior to the finality of the conviction, i.e., prior to the commencement of the AEDPA limitations period. The short periods petitioner did not have his property in Administrative Segregation (hereinafter "Ad-Seg"), see ECF No. 23 at 3, are not subject to equitable tolling. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).

2. Petitioner's non-habeas state filings *do not* count as filings which would statutorily toll the AEDPA limitations period. Ramirez v. Yates, 571 F.3d at 1000: ("His discovery motions 'did not challenge his conviction,' but simply 'sought material he claimed might be of help' in later state proceedings. Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001).")[3]

_____

[3] The Ramirez court continued: "We agree with the Second Circuit that 'if a filing of that sort could toll the AEDPA limitations period, prisoners could substantially extend the time for

**March 16, 2016 - Feb. 4, 2017**

*Statutory Tolling* – Non-Applicable

*Equitable Tolling* – Tolling cannot be applied for the 2015 broken hand as occurrences prior to the finality of the conviction cannot toll a limitations period which has not commenced i.e., there is nothing to toll. However, petitioner is entitled to 56 days of tolling for his second hand operation as petitioner alleges this 8-week recovery took place starting July 2016. Finally, petitioner is not entitled to tolling for the short periods petitioner did not have his legal property in Ad-Seg. Ramirez, supra.

325 (Expired days of the AEDPA one-year limitations period) – 56 (days tolled) = 269 **– 269**

Cumulative Days Expired – **269**

**February 5, 2017 – October 5, 2017**

*Statutory Tolling* – all days statutorily tolled for this first round of state habeas petitions.

*Equitable Tolling* – Non-Applicable

Expired days of the AEDPA one-year limitations period – **0**

Cumulative Days Expired – **269**

**October 6, 2017 – November 17, 2017**

*Statutory Tolling* – Non-Applicable

*Equitable Tolling* – Non-Applicable

This is a gap period between petitioner's first round of state habeas filings and a new

---

filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions. […] Moreover, '[i]f a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending.' Id." Ramirez v. Yates, 571 F.3d at 1000.

6

1  round commenced in Superior Court. Petitioner

2  is not entitled to tolling during this "between

3  rounds" gap period for unrelated petitions.

4  Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir.

5  2010). As petitioner stated: "This is a successive

6  writ of habeas corpus petition…Petitioner now

7  comes before this [Superior] court with

8  constitutional issues not brought before it

9  with an opportunity to resolve them." ECF No.

10  16-12 at 7.

11  Expired days of the AEDPA one-year limitations period – **42**

12  Cumulative Days Expired – **311**

13  **November 18, 2017 - November 21, 2018**

14  *Statutory Tolling* – 0 days expired.          *Equitable Tolling* – Non-Applicable

15  Petitioner has been given all days for tolling,          Although the undersigned would have

16  although the gap of time between the first          given equitable tolling for all times

17  decision and the filing of the second petition          petitioner was out to court, this

18  appears to be unreasonably long and probably          equitable tolling is subsumed by the statutory

19  would not qualify for statutory tolling.[4]          statutory tolling. Petitioner was out to court

20  The statutory tolling ended when petitioner          from February 12, 2018 to May 30, 2018

21  withdrew his petition before the California          and did not have access to his legal property.

22  Supreme Court.

23  Expired days of the AEDPA one-year limitations period – **0**

24  Cumulative Days Expired – **311**

25  ////

---

26  [4] See Robinson v. Lewis, 9 Cal. 5th 883, 901 (2020): On certified question from the Ninth
27  Circuit, the California Supreme Court held that generally 120 days would be a presumptively
    satisfactory time limit for the filing of new habeas petitions in a higher court after the previous
28  petition was denied.

**November 22, 2018 – March 11, 2020**

*Statutory Tolling* – None-Applicable          *Equitable Tolling* – Non-Applicable

As set forth above, petitioner withdrew his state supreme court petition, and did not re-file until March 12, 2020 (decided June 17, 2020). The undersigned knows of no authority for the proposition that one may withdraw a petition, refile months later, and have that gap period after withdrawal qualify as a "pending" petition. Moreover, the March 12, 2020 petition was denied on the basis of untimeliness (In re Robbins, supra) which precludes it from qualifying as a "properly filed" state petition for AEDPA limitations purposes.[5]

Expired days of the AEDPA one-year limitations period – **475**

Cumulative Days Expired – **786**

       Therefore, the AEDPA limitations period expired in the early part of 2020 (on or about January 16, 2019). The instant federal petition was filed on August 5, 2020. Thus, even with consideration of equitable tolling, the petition is untimely.

*Actual Innocence Claim*

       A petitioner may claim actual innocence in an attempt to overcome the statute of limitations hurdle. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of

---

     [5] See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.2005) (a petition denied as untimely is not properly filed and cannot toll the limitations period); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir.2007) (a California court's citation to In re Robbins, 18 Cal.4th at 780, is a "clear ruling" of untimeliness).

the statute of limitations.") Under the actual innocence exception to the statute of limitations, a petitioner must show that " 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); House v. Bell, 547 U.S. 518, 538 (2006)("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."). See also Schlup, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.").

As stated earlier, petitioner weaves his actual innocence assertions through several of the belated, and now limitations barred, myriad claims. He asserts that because the killer was involved in a push and tug scuffle with the gloved victim just before the shooting, and no DNA evidence was found on the gloves which identified petitioner as one of the scufflers, he is exonerated from the killing. Petitioner also asserts that cell phone records will prove that he could not have been at the scene of the crime.

The undersigned has reviewed the petition herein, and petitioner has not set forth a standalone, actual innocence claim. Moreover, the evidence presented thus far is either incomplete or confusing. Petitioner has gone no distance in showing that the scuffler/killer's DNA would *likely* have been transmitted to the victim's gloves. It is unclear whether petitioner actually has in his possession evidence that cell phone records placed him elsewhere at the time of the killing, or that petitioner thinks such *might* be proved in the future. Nevertheless, the undersigned is reluctant at this point to dismiss out-of-hand a claim, which if ultimately proved, could exonerate petitioner.

Thus, petitioner should be given a chance to set forth a standalone claim of actual innocence. That is, for petitioner's understanding, all of his presently stated claims are barred by the AEDPA statute of limitations, and he should not repeat them. But petitioner will be given a chance to amend his petition to state *one* claim, i.e., that he is actually innocent of the crime and

9

enhancements for which he was convicted. Petitioner is to clearly explain why the evidence he now possesses shows the actual innocence assertions to be true and of consequence to his conviction. Petitioner shall explain why he thinks such a standalone claim has been exhausted (by being presented) in the California Supreme Court.

Respondent shall then have the opportunity to seeks dismissal/denial of such a claim, either through motion or answer on the merits.

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 15) be GRANTED;

2. The petition for writ of habeas corpus (ECF No. 1) should be DISMISSED as barred by the AEDPA statute of limitations. Petitioner should be granted leave to amend his petition to state a standalone actual innocence claim;

3. Petitioner should be granted sixty (60) days from the adoption of these findings and recommendations, to file an amended petition for writ of habeas corpus that alleges only one claim of actual innocence based on DNA results and/or cell phone data; and

4. Failure to file an amended petition within the requisite deadline may result in the instant action being closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 13, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE