IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON L. REID, | No. 2:20-CV-1596-KJM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STU SHERMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 50, and Petitioner's motion for an order staying these proceedings and holding the federal petition in abeyance, ECF No. 51. Respondent has filed a statement of non-opposition to Petitioner's motion for a stay-and-abeyance order, ECF No. 52.

This action currently proceeds on Petitioner's second amended petition asserting a single claim of actual innocence. See ECF No. 46. In his motion to dismiss, Respondent argues that the petition must be dismissed because the claim is unexhausted. See ECF No. 50. In response, Petitioner moves for an order staying these proceedings to allow him to exhaust the actual innocence claim in state court before proceeding with that claim in this court. See ECF No. 51. Respondent does not oppose the request. See ECF No. 52.

///

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661; see also King v. Ryan, 564 F.3d 1133 (discussing types

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

2

of stay-and-abeyance procedures).

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277. If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relate back to the original petition. See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

The Rhines process is appropriately applied in this case. While the second amended petition is not "mixed" in the sense that it contains both exhausted and unexhausted claims, it is also not a fully exhausted petition and Petitioner is not asking to raise a new unexhausted claim. More analogous to the situation in Rhines, the current petition contains an unexhausted claim. Moreover, Respondent does not oppose Petitioner's request to stay the current action and allow Petitioner to pursue the claim once it has been decided in state court.[2]

Finally, the Court addresses Petitioner's motion for reconsideration. See ECF No. 47. In that motion, Petitioner appears to seek reconsideration of the District Judge's September 16, 2021, order adopting findings and recommendations issued by the previously assigned Magistrate Judge. Given that Petitioner has since filed an amended petition in compliance with that order, and because Respondent does not oppose Petitioner's request to hold these proceedings in abeyance pending exhaustion of the sole claim of actual innocence in state court, it is not clear what relief Petitioner seeks and, in any event, the motion is moot.

---

[2] In essence, Respondent withdraws his request for dismissal of the unexhausted federal petition.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss, ECF No. 50, be denied;

2. Petitioner's unopposed motion for a stay-and-abeyance order, ECF No. 51, be granted; and

3. Petitioner's motion for reconsideration, ECF No. 47, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE