IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON L. REID,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　Respondent. | No. 2:20-CV-1596-DJC-DMC-P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion for leave to file a third amended petition. See ECF No. 69. Respondent has filed an opposition. See ECF No. 71.

## I. BACKGROUND

Petitioner initiated this action with a pro se petition filed on August 10, 2020. See ECF No. 1. On May 13, 2021, the then-assigned Magistrate Judge, Hon. Gregory G. Hollows, issued findings and recommendations that Respondent's motion to dismiss be granted and that the petition be dismissed as untimely. See ECF No. 30. On September 16, 2021, the then assigned District Judge, Hon. Kimberly J. Mueller, adopted the findings and recommendations in full, dismissed the original petition as untimely, but granted Petitioner leave to amend to present a

1 stand-alone claim of actual innocence.  See ECF No. 33.

2 On December 16, 2021, the matter was re-assigned to the undersigned.  See ECF
3 No. 38.  On December 22, 2021, the Court granted Petitioner a 30-day extension of time to file a
4 first amended petition asserting a stand-alone actual innocence claim.  See ECF No. 39.
5 Petitioner timely filed his first amended petition on December 27, 2021.  See ECF No. 41.  That
6 petition, however, was incomplete and, on January 5, 2022, Petitioner was directed to file a
7 complete amended petition asserting a stand-alone actual innocence claim.  See ECF No. 42.
8 Petitioner filed his second amended petition on January 27, 2022.  See ECF No. 46.  On March
9 31, 2022, the Court directed Respondent to file a response to the second amended petition within
10 30 days.  See ECF No. 49.

11 On April 26, 2022, Respondent filed a motion to dismiss the second amended
12 petition.  See ECF No. 50.  On May 26, 2022, Petitioner filed a motion to stay proceedings and
13 hold further consideration of the second amended petition in abeyance pending exhaustion of his
14 actual innocence claim in state court.  See ECF No. 51.  Respondent filed a statement of non-
15 opposition to Petitioner's request for a stay-and-abeyance order.  See ECF No. 52.  On September
16 6, 2022, the Court issued findings and recommendations that Respondent's motion to dismiss be
17 denied and that Petitioner's request for a stay-and-abeyance order be granted.  See ECF No. 53.

18 On November 22, 2022, before the District Judge ruled on the September 6, 2022,
19 findings and recommendations, Petitioner filed an interlocutory appeal.  See ECF No. 56.  The
20 appeal was dismissed on December 14, 2022, for lack of jurisdiction.  See ECF No. 60.  The
21 Ninth Circuit's mandate was filed on this Court's docket on January 5, 2023.  See ECF No. 62.
22 On January 25, 2023, the then-assigned District Judge issued an order adopting the September 6,
23 2022, findings and recommendations in full.  See ECF No. 62.  This order resulted in a stay of
24 proceedings.  See id.  Petitioner was required to file reports on the status of state court exhaustion
25 proceedings within 60 days of the date of the January 25, 2023, order and every 60 days
26 thereafter.  See id.
27 / / /
28 / / /

Petitioner filed his first status report on February 24, 2023. See ECF No. 63. On April 7, 2023, the matter was re-assigned to District Judge Daniel J. Calabretta. See ECF No. 64. Thereafter, Petitioner filed status reports on April 10, 2023, June 5, 2023, July 20, 2023, and September 8, 2023. See ECF Nos. 65, 66, 67, and 68. In the most recent status report filed on September 8, 2023, Petitioner stated that exhaustion proceedings concluded on July 12, 2023, when the California Supreme Court denied his state habeas petition. See ECF No. 68.

With his September 8, 2023, status report, Petitioner filed the currently pending motion for leave to amend. See ECF No. 69. On September 15, 2023, the Court issued an order lifting the stay of proceedings imposed on January 25, 2023, and directed Respondent to file a response to Petitioner's motion for leave to amend. See ECF No. 70. Respondent filed his opposition on September 20, 2023. See ECF No. 71.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In his motion for leave to file an amended petition, Petitioner seeks to add the following new claims: (1) a claim of structural trial error based on trial counsel conceding guilt at trial; and (2) a claim that the state court abused its discretion in denying his state habeas petition. See ECF No. 69. Respondent opposes, arguing that amendment would be futile because both claims are untimely consistent with the Court's prior orders regarding the statute of limitations, and because the second claim is not cognizable on federal habeas review. See ECF No. 71.

The Court agrees with Respondent. In the May 13, 2021, findings and recommendations, the Court concluded that the one-year limitations period expired on or about January 16, 2020. See ECF No. 30, pg. 8. The findings and recommendations were adopted in full. See ECF No 33. Because the current action was not initiated until August 2020, even if an amended petition relates back to the date of filing the original petition, any new claims raised would be untimely. Further, as to Petitioner's proposed new claim that the state court abused its discretion in denying his state habeas petition, a claim of error in the state post-conviction review process is not cognizable on federal habeas review. See Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989). The Court therefore finds that any further amendment would be futile.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for leave to amend, ECF No. 69, is DENIED.

2. This action proceeds on the second amended petition filed on January 27, 2022, ECF No. 46.

3. Respondent shall file an answer to the second amended petition within 30 days of the date of this order.

Dated:  June 17, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE