1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CARLTON L. REID,                              No.  2:20-CV-1596-DJC-DMC-P

12                  Petitioner,

13          v.                                      <u>FINDINGS AND RECOMMENDATIONS</u>

14   STU SHERMAN,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus under 28 U.S.C. § 2254.  Pending before the Court are Petitioner's second

19   amended petition for a writ of habeas corpus, ECF No. 46, and Respondent's answer, ECF No.

20   77.  Petitioner has not filed a traverse.

21          Because this action was filed after April 26, 1996, the provisions of the

22   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable.

23   <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Calderon v. United States Dist. Ct.</u> <u>(Beeler)</u>, 128

24   F.3d 1283, 1287 (9th Cir. 1997), <u>cert.</u> <u>denied,</u> 522 U.S. 1099 (1998).  Under AEDPA, federal

25   habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in

26   / / /

27   / / /

28   / / /

1

1   state court proceedings unless the state court's adjudication of the claim:

2          (1) resulted in a decision that was contrary to, or involved an unreasonable
       application of, clearly established Federal law, as determined by the
3          Supreme Court of the United States; or

4          (2) resulted in a decision that was based on an unreasonable determination
       of the facts in light of the evidence presented in the State court proceeding.
5

6          Under § 2254(d)(1), federal habeas relief is available only where the state court's

7   decision is "contrary to" or represents an "unreasonable application of" clearly established law.

8   Under both standards, "clearly established law" means those holdings of the United States

9   Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin, 549

10  U.S. 70, 74 (2006) (citing Williams, 529 U.S. at 412).  "What matters are the holdings of the

11  Supreme Court, not the holdings of lower federal courts."  Plumlee v. Masto, 512 F.3d 1204 (9th

12  Cir. 2008) (en banc).  For federal law to be clearly established, the Supreme Court must provide a

13  "categorical answer" to the question before the state court.  See id.; see also Carey, 549 U.S. at

14  76-77.  Circuit court precedent may not be used to fill open questions in the Supreme Court's

15  holdings.  See Carey, 549 U.S. at 74.

16         In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a

17  majority of the Court), the United States Supreme Court explained these different standards.  A

18  state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by

19  the Supreme Court on the same question of law, or if the state court decides the case differently

20  than the Supreme Court has on a set of materially indistinguishable facts.  See id. at 405.  A state

21  court decision is also "contrary to" established law if it applies a rule which contradicts the

22  governing law set forth in Supreme Court cases.  See id.  In sum, the petitioner must demonstrate

23  that Supreme Court precedent requires a contrary outcome because the state court applied the

24  wrong legal rules.  Thus, a state court decision applying the correct legal rule from Supreme Court

25  cases to the facts of a particular case is not reviewed under the "contrary to" standard.  See id. at

26  406.  If a state court decision is "contrary to" clearly established law, it is reviewed to determine

27  first whether it resulted in constitutional error.  See Benn v. Lambert, 283 F.3d 1040, 1052 n.6

28  (9th Cir. 2002).  If so, the next question is whether such error was structural, in which case federal

2

1   habeas relief is warranted.  See id.  If the error was not structural, the final question is whether the

2   error had a substantial and injurious effect on the verdict or was harmless.  See id.

3     State court decisions are reviewed under the far more deferential "unreasonable

4   application of" standard where it identifies the correct legal rule from Supreme Court cases, but

5   unreasonably applies the rule to the facts of a particular case.  See Wiggins v. Smith, 539 U.S.

6   510, 520 (2003).  While declining to rule on the issue, the Supreme Court in Williams, suggested

7   that federal habeas relief may be available under this standard where the state court either

8   unreasonably extends a legal principle to a new context where it should not apply, or

9   unreasonably refuses to extend that principle to a new context where it should apply.  See

10  Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court

11  decision is not an "unreasonable application of" controlling law simply because it is an erroneous

12  or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade, 538 U.S. 63,

13  75-76 (2003).  An "unreasonable application of" controlling law cannot necessarily be found even

14  where the federal habeas court concludes that the state court decision is clearly erroneous. See

15  Lockyer, 538 U.S. at 75-76.  This is because "[t]he gloss of clear error fails to give proper

16  deference to state courts by conflating error (even clear error) with unreasonableness."  Id. at 75.

17  As with state court decisions which are "contrary to" established federal law, where a state court

18  decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless

19  unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

20    The "unreasonable application of" standard also applies where the state court

21  denies a claim without providing any reasoning whatsoever.  See Himes v. Thompson, 336 F.3d

22  848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  Such decisions

23  are considered adjudications on the merits and are, therefore, entitled to deference under the

24  AEDPA.  See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 223 F.3d at 982.

25  The federal habeas court assumes that state court applied the correct law and analyzes whether the

26  state court's summary denial was based on an objectively unreasonable application of that law.

27  See Himes, 336 F.3d at 853; Delgado, 223 F.3d at 982.

28  / / /

# I. PROCEDURAL HISTORY

### A.     <u>State Court</u>

The state appellate court recited the facts of the case, and Petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct. [1]  Because the facts are familiar to the parties and not relevant to the Court's analysis, they are not repeated here.

Petitioner was convicted following a jury trial of first-degree murder.  <u>See</u> <u>id.</u> at 1. The jury also found true the allegation that Petitioner used a firearm during the crime.  <u>See</u> <u>id.</u> Petitioner was sentenced to 25 years to life in state prison plus 25 hears for the firearm enhancement.  <u>See</u> <u>id.</u>  The California Court of Appeal affirmed on direct appeal.  <u>See</u> <u>id.</u> at 2. The California Supreme Court denied direct review without comment or citation.  <u>See</u> ECF No. 76-12.

On February 8, 2017, Petitioner filed a habeas petition in the Sacramento County Superior Court.  <u>See</u> ECF No. 76-14.  The petition was denied by way of a reasoned decision issued on June 9, 2017.  <u>See</u> ECF No. 76-15.  On July 31, 2017, Petitioner filed a habeas petition with the California Court of Appeal.  <u>See</u> ECF No. 76-18.  The Court of Appeal denied the petition without comment or citation on October 5, 2017.  <u>See</u> ECF No. 76-19.

On November 27, 2017, Petitioner filed a second post-conviction action in the Sacramento County Superior Court.  <u>See</u> ECF No. 76-16.  The petition was denied in a reasoned opinion issued on January 24, 2018.  <u>See</u> ECF No. 76-17.  On July 5, 2018, Petitioner filed a habeas petition in the California Court of Appeal.  <u>See</u> ECF No. 76-20.  The petition was denied on July 13, 2018, without comment or citation.  <u>See</u> ECF No. 76-21.

/ / /

/ / /

---

[1]      Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct."  Findings of fact in the last reasoned state court decision are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence.  <u>See</u> <u>Runningeagle v. Ryan</u>, 686 F.3d 759 n.1 (9th Cir. 2012).  Petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  <u>See</u> <u>id.</u>  These facts are, therefore, drawn from the state court's opinion(s), lodged in this court.  Petitioner may also be referred to as "defendant."

On March 16, 2020, Petitioner filed a post-conviction petition in the California Supreme Court.  See ECF No. 76-22.  The California Supreme Court denied relief with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), because the petition was untimely.  See ECF No. 76-23.  On February 16, 2023, Petitioner filed a second post-conviction petition in the California Supreme Court.  See ECF No. 76-24.  On July 12, 2023, the California Supreme Court denied the second petition without comment or citation.  See ECF No. 76-25.

**B.      Federal Court**

Petitioner initiated this federal action with a pro se petition filed on August 10, 2020.  See ECF No. 1.  On October 13, 2020, Respondent moved to dismiss the petition as untimely.  See ECF No. 15.  On May 13, 2021, the Court recommended that Respondent's motion be granted but that Petitioner be granted leave to file an amended petition to assert a stand-alone claim of actual innocence based on DNA results and/or cell phone data.  See ECF No. 30.  The District Judge adopted the findings and recommendations in full on September 16, 2021.  See ECF No. 33.  Petitioner filed his first amended petition on December 27, 2021.  See ECF No. 41. On January 5, 2022, the Court dismissed the first amended petition because it was incomplete and directed Petitioner to file a second amended petition within 30 days.  See ECF No. 42.  Petitioner filed the operative second amended petition on January 27, 2022.  See ECF No. 46.

Respondent moved to dismiss the second amended petition on April 26, 2022, arguing that Petitioner's actual innocence claim is unexhausted.  See ECF No. 50.  Petitioner responded by way of a motion for a stay-and-abeyance order pending exhaustion in state court. See ECF No. 51.  Respondent did not oppose a stay.  See ECF No. 52.  The District Judge granted both motions on January 25, 2023, and the matter was stayed.  See ECF No. 62. Following completion of state court exhaustion proceedings, the Court lifted the stay on September 15, 2023.  See ECF No. 70.  Respondent lodged the state court record on July 9, 2024, see ECF No. 76, and filed an answer on July 11, 2024, see ECF No. 77.  Petitioner has not filed a traverse.

/ / /

/ / /

5

## II. DISCUSSION

In the second amended petition, Petitioner raises a free-standing claim of actual innocence.  See ECF No. 46.  Respondent offers the following summary of Petitioner's claim, which the Court accepts given Petitioner's failure to file a traverse:

> Petitioner argues that he is actually innocent. He claims that DNA evidence shows he was unlikely the shooter because his DNA was not on the glove the victim was wearing when they had a "physical altercation" right before the shooting. He also claims that cell phone records of calls between the victim and him show that it was impossible for him to commit the crime. . . .

ECF No. 77, pg. 9.

Respondent argues that federal habeas relief is not available on Petitioner's actual innocence claim because there is no clearly established United States Supreme Court authority permitting a freestanding claim of actual innocence.  See id. at 9-10.  According to Respondent:

> The Supreme Court has not clearly established any right to federal habeas relief based on a freestanding claim of actual innocence. *See Herrera v. Collins,* 506 U.S. 390, 400-01 (1993); *House v. Bell,* 547 U.S. 518, 554-55 (2006); *In re Davis,* 557 U.S. 952, 955 (2009) (Scalia, J., dissenting). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera,* 506 U.S. at 400. "'Federal courts are not forums in which to relitigate state trials.'" *Id.* at 401 (citing *Barefoot v. Estelle,* 463 U.S. 880, 887 (1983)). The Supreme Court has assumed, without deciding, "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id.* at 417. The threshold showing for such an assumed right would necessarily be extraordinarily high. *Id.*; *House,* 547 U.S. at 555. Because the Supreme Court has not decided whether freestanding innocence claims are possible, the California Supreme Court's denial of Petitioner's claim cannot be contrary to, or an unreasonable application of, clearly established Supreme Court precedent.
>
> Petitioner claims he has met his burden under *Schlup v. Delo*, 513 U.S. 298 (1995), a case in which the Supreme Court determined the standard for the miscarriage of justice exception to claims procedurally defaulted. The Supreme Court, however, has clearly distinguished freestanding actual innocence claims from the actual innocence exception to a procedural bar. *See Schlup*, 513 U.S. at 313-16; *House*, 547 U.S. at 554-55. As already explained, the actual innocence claim fails because the Supreme Court has not clearly established a constitutional right based on such a claim.

ECF No. 77, pgs. 9-10.

1        Respondent's argument is persuasive.  While the Supreme Court has suggested that

2   a freestanding actual innocence claim may be cognizable in a capital case upon a "truly

3   persuasive" demonstration of actual innocence, the Supreme Court stated that such claims in a

4   non-capital case, even when based on new evidence, "have never been held to state a ground for

5   federal habeas relief absent an independent constitutional violation. . . ."  Herrera, 506 U.S. at

6   400-01, 417.  In the absence of clearly establish Supreme Court authority permitting a

7   freestanding actual innocence claim, Petitioner's claim here fails.  Moreover, though Petitioner

8   asserts that his claim meets the Schlup standard, the Court agrees with Respondent that the

9   Schlup standard, which permits actual innocence as an exception to procedurally barred claims,

10   does not allow for a freestanding actual innocence claim.  See Schlup v. Delo, 513 U.S. 298, 313-

11   16 (1995); House v. Bell, 547 U.S. 518, 554-55 (2006).

12        The Ninth Circuit has assumed that freestanding actual innocence claims are

13   cognizable in non-capital cases but has articulated a minimum standard of proof which Petitioner

14   does not meet here.  See Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997).  In Carriger, the

15   court held that a petitioner asserting a freestanding claim of actual innocence must affirmatively

16   prove that he is innocent.  See id.  The burden on the petitioner is "extraordinarily high."  Id.

17   Cases decided after Carriger indicate that new evidence of innocence is required.  See e.g. Spivey

18   v. Rocha, 194 F.3d 971, 979 (9th Cir. 1999).  Here, assuming that an actual innocence claim is

19   cognizable in this non-capital case, Petitioner has not met the extraordinarily high burden with a

20   showing supported by new evidence.  Notably, Petitioner concedes in the second amended

21   petition that both DNA evidence and cell phone records were available at the time of his trial.

22   See ECF No. 46, pgs. 13, 15, 20, 21.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Petitioner's second amended petition for a writ of habeas corpus, ECF No. 46, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 26, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE